UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AGUDATH ISRAEL OF AMERICA, AGUDATH ISRAEL OF
KEW GARDEN HILLS, AGUDATH ISRAEL OF MADISON,
AGUDATH ISRAEL OF BAYSWATER, RABBI YISROEL
REISMAN, RABBI MENACHEM FEIFER, STEVEN
SAPHIRSTEIN,

                Plaintiffs,     Civil Action No. 1:20-cv-04834
                                                                              (KAM)

vs.

ANDREW M. CUOMO, Governor of the State of New York, in
his official capacity,

                Defendant.

---

## ORDER TO SHOW CAUSE

_Kiyo Matsumoto_, United States District Judge:

**THIS MATTER** coming before the Court on the Motion of Plaintiffs for a Temporary Restraining Order and a Preliminary Injunction and Order to Show Cause why a Temporary Restraining Order should not issue; and

**THE COURT NOTING** that Plaintiffs, which include synagogues, Rabbis and Orthodox Jews who wish to hold in-person religious services at Jewish houses of worship in conformity with the existing COVID-19 capacity limitations that are in excess of the capacity limitations proscribed by New York Executive Order No. 202.68, allege that Defendant, the Governor of the State of New York, is violating their constitutional rights by enforcing Executive Order No. 202.68 as it relates to houses of worship..   Plaintiffs specifically allege that Defendant's gathering restrictions set forth in New York Executive Order No. 202.68 on Plaintiffs' houses of worship violate their free exercise of religion rights guaranteed by the First Amendment of the United States Constitution;

**THE COURT NOTING** that Plaintiffs have requested that Defendant, and all those acting in concert with him, be temporarily restrained and preliminary and permanently enjoined from enforcing Executive Order No. 202.68 to restrict the gathering in Plaintiffs' houses of worship;

**THE COURT NOTING** that Plaintiffs seek this relief to be effective on or before October 9, 2020, which is the date on which the first of three successive Jewish holidays begin;

**THE COURT FINDING** that Plaintiffs have provided good and sufficient reasons why the Court should employ an expedited procedure under Local Rule 6.1(d) given the immediacy of Plaintiffs' application.

**IT IS HEREBY ORDERED** that ~~Plaintiffs' application is granted such that~~ *KAM* the Court will employ an expedited procedure to hear this matter.

**IT IS FURTHER ORDERED THAT**:

1. Defendant show cause why a temporary restraining order and preliminary injunction should not be issued under Federal Rule of Civil Procedure 65 granting Plaintiffs the following relief:

    Restraining Defendant, and all those acting in concert with him, from enforcing Executive Order No. 202.68 to further restrict in-person gatherings at houses of worship beyond the existing COVID-19 occupancy restrictions.

2. Defendant must submit a brief on this issue of no more than 25 pages on or before _11:00 am on October 9, 2020_

3. Plaintiff may submit a brief in reply of no more than 15 pages on or before _1:00 pm on Oct. 9, 2020_.

4. The Court shall hold a temporary restraining order and preliminary injunction hearing at _1:30 pm on October 9, 2020_. The hearing shall be held via

videoconference. The Court shall provide the necessary link to counsel via email prior to hearing.

5. If either party wishes to introduce testimony at the hearing, it must provide reasonable advance notice *of no less than four hours* to the Court and the other party prior to the hearing *on October 9, 2020*.

6. Plaintiff must *immediately* serve a copy of this Order and the papers on which it is based on Defendant *by email* on or before _5:30 pm, on October 8, 2020_.

Dated: October 8, 2020

/s/ _Kiyo A. Matsumoto_
United States District Judge

-3-