Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com

Avi Schick
avi.schick@troutman.com

February 2, 2021

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Agudath Israel of America, et al. v. Andrew M. Cuomo*, No. 1:20-cv-4834 (E.D.N.Y.)

Dear Judge Matsumoto:

  We have reviewed a copy of the letter filed by Defendant earlier today. Dkt. 31. At bottom, Defendant concedes that the restrictions on houses of worship cannot satisfy strict scrutiny, which is what Plaintiffs have contended all along. It is unfortunate that Plaintiffs had to endure four months of hardship until Defendant was willing to concede this point.

  Plaintiffs welcome the entry of an Order enjoining Executive Order 202.68's 25% and 33% capacity limitations on houses of worship. And upon the entry of such an Order, Plaintiffs do not oppose the cancellation of the February 8, 2021 preliminary injunction hearing. Plaintiffs do not understand Defendant's suggestion that "[t]he injunction would remain in force for as long as Executive Order 202.68, as extended, remains in effect." Dkt. 31 at 1. The better path would be for the preliminary injunctions in place to convert to permanent injunctions after 90 or 120 days.

  Indeed, just last week, on Thursday, January 27, 2021, Defendant once again renewed and extended Executive Order 202.68, including all of its restrictions on houses of worship, without any modification. *See* N.Y. Exec. Order 202.92. That includes the 10- and 25-person restrictions already enjoined by this Court (and others) and the 25% and 33% limitations on houses of worship that Defendant now admits should be enjoined.

  Defendant's acceptance of the preliminary injunction against the percentage capacity limitations that he had fought so vigorously (in this Court and before the Second Circuit) came on the heels of Plaintiffs' request for the testimony of Health Department witnesses at the February 8 hearing. That comes as no surprise.

  Earlier this week, the New York Times reported Defendant's admission that "When I say 'experts' in air quotes, it sounds like I'm saying I don't really trust the experts. Because I don't. Because I don't." *9 Top N.Y. Health Officials Have Quit as Cuomo Scorns Expertise* (Defendant

**Hon. Kiyo A. Matsumoto**
February 2, 2021
Page 2



"referring to scientific expertise at all levels of government during the pandemic").  According to that report, "state health officials said they often found out about major changes in pandemic policy only after Mr. Cuomo announced them at news conferences — and then asked them to match their health guidance to the announcements."   As it relates to this case, the report added that "officials said the State Health Department was not deeply involved in final decisions that have included allowing public events and mandating business closures based on color-coded 'microclusters.'"

      For these reasons, the Court should enter the unopposed preliminary injunction enjoining Executive Order 202.68's 25% and 33% capacity limits on houses of worship, and the preliminary injunctions should convert to permanent injunctions after 90 or 120 days.

                                                      Respectfully,

                                                      Avi Schick

Cc: Counsel for Defendant (via ECF)