

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8661

February 5, 2021

<u>Via ECF</u>
The Honorable Judge Kiyo A. Matsumoto
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Agudath Israel of America, et al. v. Cuomo</u>, No. 20-cv-04834 (E.D.N.Y.)(KAM)(RML)

Dear Judge Matsumoto:

This Office represents Governor Andrew M. Cuomo, Defendant in the above-referenced matter. I write in response to Plaintiffs' request to call Howard A. Zucker, M.D., J.D. and Bryon Backenson, as witnesses at the preliminary injunction hearing currently scheduled for February 8, 2021. The testimony of Dr. Zucker, Commissioner of the New York State Department of Health ("DOH"), and Mr. Backenson, Deputy Director of DOH's Bureau of Communicable Disease Control, should be excluded because it is irrelevant to the remaining issues in dispute in this case.

Plaintiffs propose that Commissioner Zucker and Mr. Backenson testify regarding the "justification for the 25% and 33% capacity limits imposed on houses of worship set forth in Executive Order No. 202.68," in an effort to show that those limits are not narrowly tailored to serve a compelling government interest. ECF No. 36. However, the Defendant has made clear that he does not dispute the issue of whether the 25% and 33% capacity limits as developed for EO 202.68 are narrowly tailored. In fact, Defendant has agreed to the entry of an injunction against enforcement of those limits.

Under Federal Rules of Evidence 401 and 402, evidence that is not "of consequence in determining the action" is irrelevant and inadmissible. The Court has directed the parties to inform it "of the status of their good faith negotiations" over the proposed preliminary injunction order. Minute Entry, February 4, 2021. The only remaining issue in dispute concerns the circumstances regarding when the agreed upon preliminary injunction should expire—purely a legal matter. The testimony of Commissioner Zucker and Mr. Backenson on the public health rationale for the 25% and 33% capacity limits is not relevant to this issue or the preliminary injunction. Their testimony should be excluded under Fed. R. Evid. 401 and 402 as a matter of law, and as a matter of judicial economy.

Defendant respectfully requests that the Court not require Commissioner Zucker and Mr. Backenson to testify at the upcoming preliminary injunction hearing.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

_____/S/_____

Todd A. Spiegelman
Assistant Attorney General
Todd.Spiegelman@ag.ny.gov

cc: All Counsel (via ECF)