UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGUDATH ISRAEL OF AMERICA, AGUDATH ISRAEL OF KEW GARDEN HILLS, AGUDATH ISRAEL OF MADISON, AGUDATH ISRAEL OF BAYSWATER, RABBI YISROEL REISMAN, RABBI MENACHEM FEIFER, STEVEN SAPHIRSTEIN, <br><br>     Plaintiffs, <br><br> -against- <br><br>Andrew M. Cuomo, *Governor of the State of New York in his official capacity,* <br><br>     Defendant. | No. 20-cv-04834 |

**PRELIMINARY INJUNCTION ORDER**

  Executive Order 202.68 imposes (among other things) capacity limitations on houses of worship operating in areas that have been designated as red zones or orange zones. In red zones, "houses of worship shall be subject to a capacity limit of 25% of maximum occupancy or 10 people, whichever is fewer." In orange zones, houses of worship are "subject to a maximum capacity limit of 33% of maximum occupancy or 25 people, whichever is fewer."

  Defendant enacted Executive Order 202.68 on October 6, 2020 and has extended its restrictions five times without modification to the restrictions on houses of worship. It currently is effective through February 26, 2021.

  Plaintiffs commenced this action on October 8, 2020, alleging that Executive Order 202.68's capacity restrictions on houses of worship violate the Free Exercise Clause. Plaintiffs moved for a temporary restraining order and preliminary injunction prohibiting enforcement of these restrictions. On October 9, 2020, Plaintiffs' motion was denied in a ruling from the bench.

On November 25, 2020, the United States Supreme Court held that the 10- and 25-person limits in red and orange zones, respectively, were likely not "neutral" or "generally applicable" because "essential" businesses and certain "non-essential" businesses were not subject to the same restrictions, and that the fixed person capacity limits must satisfy "strict scrutiny." *Roman Catholic Diocese of Brooklyn, N.Y. v. Cuomo*, 141 S. Ct. 63, 66–67 (2020) (per curiam). The Supreme Court stated that the fixed person limits addressed a compelling state interest but questioned "how the challenged regulations can be regarded as 'narrowly tailored'" because, among other reasons, "they are far more severe than has been shown to be required to prevent the spread of the virus at the applicants' services" and "there are many other less restrictive rules that could be adopted to minimize the risk to those attending religious services." *Id.* at 67–68. The Court also concluded that the fixed person limits, "if enforced, will cause irreparable harm," and that "it has not been shown that granting the applications will harm the public." *Id.* at 68.

The Supreme Court therefore granted Plaintiffs' application for an injunction against enforcement of Executive Order 202.68's 10- and 25-person limits "pending disposition of the appeal in the United States Court of Appeals for the Second Circuit . . ." *Agudath Israel, et al. v. Cuomo*, 20A90 (U.S. Nov. 25, 2020).

On December 28, 2020, the Second Circuit held that "both the fixed capacity and the percentage capacity limits on houses of worship" in the red and orange zones "are subject to strict scrutiny." *Agudath Israel of Am. v. Cuomo*, 983 F.3d 620, 632 (2d Cir. 2020). The Second Circuit: (1) remanded the case to this Court with directions to grant a preliminary injunction against enforcement of Executive Order 202.68's 10- and 25-person limits; (2) vacated the October 9, 2020 Order to the extent that it denied a preliminary injunction against enforcement of Executive Order 202.68's 25% and 33% capacity limits on houses of worship; and (3) with respect to those percentage

capacity limits, remanded for further proceedings consistent with its opinion, including the application of strict scrutiny. *Id.* at 637. The Second Circuit also directed that if "plaintiffs are likely to prevail on their Free Exercise claims, it would follow that the Order causes irreparable harm" because "the deprivation of First Amendment rights is an irreparable harm," and that the public interest "favors granting injunctive relief." *Id.*

On January 19, 2021, this Court entered an Order stating: "In light of the Second Circuit's decision on appeal [26], the plaintiffs' Motion for a Preliminary Injunction [2] against Executive Order 202.68's 10- and 25-person occupancy limits is GRANTED for the reasons stated therein."

On January 25, 2021, this Court scheduled a preliminary injunction hearing on Executive Order 202.68's 25% and 33% capacity limitations on houses of worship for February 8, 2021.

Defendant has advised this Court that he does not contend that the 25% and 33% capacity limits on houses of worship in Executive Order 202.68 are narrowly tailored, and therefore cannot satisfy strict scrutiny.

In light of the above, Plaintiffs' motion for a preliminary injunction against Executive Order No. 202.68's 25% and 33% capacity limits on houses of worship is GRANTED.

This Order shall apply to Defendant and all officers, agents, or employees responsible for enforcing Executive Order 202.68, and shall apply to all houses of worship in New York State.

Dated: New York, New York

February \_\_\_\_, 2021

_____
The Honorable Kiyo A. Matsumoto
United States District Judge