

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8661

Via ECF                                                February 8, 2021

The Honorable Judge Kiyo A. Matsumoto
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Agudath Israel of America, et al. v. Cuomo</u>, No. 20-cv-04834 (E.D.N.Y.)(KAM)(RML)

Dear Judge Matsumoto:

This Office represents Governor Andrew M. Cuomo, Defendant in the above-referenced matter. Defendant regrets the need to submit another letter to the Court on this matter, but he is constrained to address the misstatements and mischaracterizations in Plaintiffs' unauthorized letter of yesterday (ECF No. 42). Defendant wants to ensure that the Court has a clear picture of the parties' positions before this morning's conference. To that end, Defendant provides the following brief response:

1. Plaintiffs misread the Supreme Court's decision in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68-69 (2020), in illogically claiming that a preliminary injunction against Executive Order ("EO") 202.68's 25% and 33% capacity restrictions on houses of worship should continue beyond the date that the Governor lifts those restrictions. Once houses of worship are removed from EO 202.68, the State can take no further action against them under that executive order.

2. Plaintiffs also belatedly seek to include language from their affiant, Timothy Flanigan, M.D., in the Preliminary Injunction Order. Dr. Flanigan, however, has not been subject to cross-examination; and his unexamined affidavit should not be blindly incorporated into any Court order.

3. Plaintiffs also reiterate their request that the Court expressly make a finding that Defendant advised it that the 25% and 33% capacity restrictions "cannot satisfy strict scrutiny." But Defendant has never made that representation. To be clear, Defendant's position is simply that he does not oppose the entry of an injunction on the 25% and 33% capacity restrictions set forth in EO 202.68.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/S/

Todd A. Spiegelman

cc: All Counsel (via ECF)