```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
───────────────────────────────────────

AGUDATH ISRAEL OF AMERICA, AGUDATH
ISRAEL OF KEW GARDEN HILLS, AGUDATH
ISRAEL OF MADISON, AGUDATH ISRAEL OF
BAYSWATER, RABBI YISROEL REISMAN,
RABBI MENACHEM FEIFER, STEVEN SAPHIRSTEIN,

        Plaintiffs,

    -against-

Andrew M. Cuomo, *Governor of the State of New York in his official capacity*,

        Defendant.

**ORDER**
**20-cv-4834**

───────────────────────────────────────

## **PERMANENT INJUNCTION ORDER**

Executive Order 202.68 imposes (among other things) capacity limitations on houses of worship operating in areas that have been designated as red zones or orange zones. In red zones, "houses of worship shall be subject to a capacity limit of 25% of maximum occupancy or 10 people, whichever is fewer." In orange zones, houses of worship are "subject to a maximum capacity limit of 33% of maximum occupancy or 25 people, whichever is fewer."

Defendant issued Executive Order 202.68 on October 6, 2020, and has extended its restrictions five times without modification to the restrictions on houses of worship. It

1

currently is effective through February 26, 2021.

Plaintiffs commenced this action on October 8, 2020, alleging that Executive Order 202.68's capacity restrictions on houses of worship in red and orange zones violate the Free Exercise Clause.  Plaintiffs moved for a temporary restraining order and preliminary injunction prohibiting enforcement of these restrictions in red and orange zones.  On October 9, 2020, after an expedited hearing, Plaintiffs' motion was denied in a ruling from the bench.

On November 25, 2020, the United States Supreme Court held that the 10- and 25-person limits in red and orange zones, respectively, in Executive Order 202.68 were likely not "neutral" or "generally applicable" because "essential" businesses and certain "non-essential" businesses were not subject to the same restrictions, and that the fixed person capacity limits must satisfy "strict scrutiny."  *Roman Catholic Diocese of Brooklyn, N.Y. v. Cuomo*, 141 S. Ct. 63, 66–67 (2020) (per curiam). The Supreme Court granted Plaintiffs' application for an injunction against enforcement of Executive Order 202.68's 10- and 25-person limits "pending disposition of the appeal in the United States Court of Appeals for the Second Circuit . . . .." *Agudath Israel, et al. v. Cuomo*, 20A90 (U.S. Nov. 25, 2020).

On December 28, 2020, the Second Circuit held that "both the fixed capacity and the percentage capacity limits on houses of

2

worship" in the red and orange zones "are subject to strict scrutiny." *Agudath Israel of Am. v. Cuomo*, 983 F.3d 620, 632 (2d Cir. 2020). The Second Circuit: (1) remanded the case to this Court with directions to grant a preliminary injunction against enforcement of Executive Order 202.68's 10- and 25-person limits; (2) vacated the October 9, 2020 Order to the extent that it denied a preliminary injunction against enforcement of Executive Order 202.68's 25% and 33% capacity limits on houses of worship; and (3) with respect to those percentage capacity limits, remanded for further proceedings consistent with its opinion, including the application of a strict scrutiny analysis. *Id.* at 637.

On January 19, 2021, this Court entered an Order stating: "In light of the Second Circuit's decision on appeal [26], the plaintiffs' Motion for a Preliminary Injunction [2] against Executive Order 202.68's 10- and 25-person occupancy limits is GRANTED for the reasons stated therein." On January 25, 2021, this Court scheduled a preliminary injunction hearing for February 8, 2021, on Executive Order 202.68's 25% and 33% capacity limitations on houses of worship.

In light of the decisions by the Supreme Court, *Roman Catholic Diocese of Brooklyn, N.Y. v. Cuomo*, 141 S. Ct. 63 (2020), and the Second Circuit, *Agudath Israel of Am. v. Cuomo*, 983 F.3d 620(2d Cir. 2020), specifically finding that "both the fixed capacity and percentage capacity limits on houses of worship" in

3

the red and orange zones "are subject to strict scrutiny," 983 F.3d 620, 632, Defendant has agreed to an injunction against enforcement of the 25% and 33% capacity limits in red and orange zones, respectively, and has not presented additional evidence to supplement what was submitted in opposition to the Plaintiffs' motion for a temporary restraining order and preliminary injunction. Subsequently, Defendant's counsel has represented in status conferences that before the end of February 2021 EO 202.68 will be amended to remove houses of worship.

For the foregoing reasons, the court grants a permanent injunction against enforcement of EO 202.68's 25% capacity or maximum of 10-people, and 33% capacity or maximum of 25-people limitations on houses of worship, respectively in red and orange zones.

This Order shall apply to Defendant and all officers, agents, or employees responsible for enforcing Executive Order 202.68, and shall apply to the 10- and 25-person limitations and the 25% and 33% occupancy limits for all houses of worship, respectively in red and orange zones in New York State. **SO ORDERED.**

Dated: February 8, 2021
Brooklyn, New York

<u>Kiyo A. Matsumoto, USDJ</u>
Hon. Kiyo A. Matsumoto
United States District Judge

5